Bruce W. Akerly
Texas Bar No. 00953200
bakerly@canteyhanger.com
Perry J. Cockerell
Texas Bar No. 04462500
pcockerell@canteyhanger.com
CANTEY HANGER LLP
1999 Bryan Street, Suite 3330
Dallas, Texas 75201
Telephone: (214) 978-4129
Facsimile (214) 978-4150

PROPOSED ATTORNEYS FOR
THE DEBTORS-IN-POSSESSION

IN THE UNITED STATE BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re:<br><br>REOSTAR ENERGY CORPORATION,<br><br>  Debtor. | § § § § § § | CASE NO. 10-47176<br><br>(Chapter 11) |
| In re:<br><br>REOSTAR GATHERING, INC.<br><br>  Debtor. | § § § § § | CASE NO. 10-47198<br><br>(Chapter 11) |
| In re:<br><br>REOSTAR LEASING, INC.<br><br>  Debtor. | § § § § § | CASE NO. 10-47201<br><br>(Chapter 11) |
| In re:<br><br>REOSTAR OPERATING, INC.<br><br>  Debtor. | § § § § § | CASE NO. 10-47203<br><br>(Chapter 11) |

# DEBTORS' MOTION FOR JOINT ADMINISTRATION

REOSTAR ENERGY CORPORATION ("ReoStar Energy"), REOSTAR GATHERING, INC. ("ReoStar Gathering"), REOSTAR LEASING, INC. ("ReoStar Leasing") and REOSTAR OPERATING, INC. ("ReoStar Operating") (all collectively referred to as the "**Debtors**"), the debtors-in-possession in the above styled and numbered bankruptcy cases (the "**Bankruptcy Cases**"), file this *Motion for Joint Administration* (the "**Motion**"), as follows:

## Procedural Background

1. On November 1, 2010 (the "**Petition Date**"), the Debtors filed their respective voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), thereby initiating their Bankruptcy Cases and creating their respective bankruptcy estates (the "**Estates**").

2. The Debtors continue to operate their businesses and to manage the Estates as debtors-in-possession. No committee, trustee, or examiner has been appointed to date.

3. This Court has jurisdiction over the Bankruptcy Cases and the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding under 28 U.S.C. § 157 (b)(2). Venue of the Bankruptcy Cases before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409.

## Factual Background

4. On or about October 30, 2008, ReoStar Energy, as borrower, and Union Bank, N.A. ("**Union Bank**"), as lender, entered in to that certain *Credit Agreement* in the principal amount of $25,000,000.00. That same day, consistent with the *Credit Agreement*, ReoStar Energy, as borrower, and Union Bank as lender, entered into that certain *Promissory Note* in

the principal amount of $25,000,000.00 (the "**Note**"). The Note is secured by those certain Deeds of Trust, Security Agreements, Financing Statements, and Assignment of Production, Guaranty Agreements (executed on behalf of ReoStar Gathering, ReoStar Leasing, and ReoStar Operating) and other collateral instruments which were executed in favor of Union Bank on October 30, 2008 (*see* list of collateral instruments prepared by BTMK which is attached hereto as **Exhibit "1"** and incorporated herein by reference as if fully set forth.[1]

5.  ReoStar's obligations under the Note, Credit Agreement, and related transactional instruments and rights relating thereto and thereunder (the "**Loan Documents**") were acquired by BTMK through a purchase, sale, and assignment transaction that closed in or around August 14, 2010. BTMK is the current holder and owner of the Note. The principal balance under the Note is approximately $12,000,000.00.

## Request for Relief

6.  Debtors request joint administration of their Bankruptcy Cases. The basis for the relief sought is Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Bankruptcy Rule 1015.1. No prior request has been made to this Court or any other court for the relief sought herein.

7.  In pertinent part, Bankruptcy Rule 1015(b) provides that the Court may order joint administration of bankruptcy estates if "two or more petitions are pending in the same court by ... a debtor and an affiliate." Fed. R. Bankr. P. 1015(b). The Bankruptcy Code defines the term "affiliate" as, among other things, a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or

---

[1] By reference to this document, Debtors are not, at this time, admitting to the validity or scope of the instruments or liens listed in the document.

DEBTORS' MOTION FOR JOINT ADMINISTRATION - Page 3

indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor." Here, ReoStar owns 100% of all of the equity in ReoStar Gathering, ReoStar Leasing, and ReoStar Operating. Accordingly, the procedural consolidation of the Debtors and their Estates, and the joint administration of the Bankruptcy Cases, is appropriate under Rule 1015(b).

8. Joint administration of Debtors' cases is warranted because many of the Debtors' debts are guarantee or joint obligations, and many of the same creditors and parties-in-interest will participate in all of the Bankruptcy Cases. Accordingly, cause exists for the joint administration of the Bankruptcy Cases, for procedural purposes only, under Rule 1015(b) of the Bankruptcy Rules.

9. Debtors intend to file with the Court motions and applications, including the various motions and applications which have been filed in the first days of these cases. Joint administration for procedural purposes of these cases will promote both procedural and administrative efficiency and reduce administrative expense to the Estates by:

- Obviating the need for the Debtors to file duplicative motions and applications and for the Court to enter duplicative orders in each of these Chapter 11 cases;

- Minimizing the burdens on witnesses and all parties-in-interest by sparing them from participating in identical hearings in separate cases;

- Avoiding the burdensome necessity of duplicating notices to numerous creditors;

- Simplifying supervision of the administrative aspects of these Chapter 11 cases by the Office of the United States Trustee for the Northern District of Texas, Fort Worth Division; and

- Minimizing the fees and expenses associated with the proposed engagement of Cantey Hanger LLP as counsel for the Debtors by minimizing expense caused by duplication related to filing, copying, and service of pleadings.

Joint administration will not affect the rights of any creditor or party-in-interest, because the Debtors request joint administration for procedural purposes only. Notwithstanding joint administration, each creditor will be entitled to file a proof of claim against a particular Estate.

10. Debtors propose to consolidate mailing lists in each of the Bankruptcy Cases into one master list for future use, and request the Court's approval of the same.

11. Debtors also respectfully request, for the convenience of all parties and the Court, that these Bankruptcy Cases be jointly administered under the case styled *In re Reostar Energy Corporation, et al.* Case No. 10-47176-11 (Jointly Administered), and that all court papers pertaining to any of the Debtors be filed under said caption.

12. Debtors also request the Clerk of this Court make separate docket entries in each of the above-captioned Bankruptcy Cases, except the jointly administered case, substantially as follows:

> The Bankruptcy Court has entered an order in accordance with Federal Rule of Bankruptcy Procedure 1015(b) that provides for the joint administration of the Chapter 11 cases of ReoStar Energy Corporation, a Nevada corporation, and its debtor-in-possession affiliates. The docket in Case No. 10-47176-11 should be consulted for all matters affecting the above-listed cases. Notwithstanding said joint administration, proofs of claims are to be filed in each debtor's separate case.

13. Based on the foregoing, Debtors request that the Court enter an order: (i) providing for the joint administration of the Bankruptcy Cases; (ii) consolidating the mailing lists in each of the Bankruptcy Cases for future noticing requirements; (iii) ordering that all documents (except proofs of claim) to be filed in each of the Bankruptcy Cases be filed in the jointly administered case styled *In re Reostar Energy Corporation, et al.,* Case No. 10-47176-11 (Jointly Administered) regardless of whether such filing affects one or

more of the Debtors; (iv) ordering that creditors continue to file proofs of claim against the Debtors in the Debtors' respective individual Bankruptcy Cases notwithstanding joint administration, and that schedules and statements of financial affairs are to be filed in the individual cases; and (v) granting the Debtors such other and further relief to which they may show themselves to be justly entitled.

Dated: November 1, 2010.                    Respectfully submitted,


                                            **CANTEY HANGER LLP**


                                            By: /s/ Bruce W. Akerly
                                                Texas Bar No. 00953200
                                                Perry J. Cockerell
                                                Texas Bar No. 04462500

                                                1999 Bryan Street, Suite 3330
                                                Dallas, Texas 75201
                                                Telephone: (214) 978-4129
                                                Facsimile: (214) 978-4150

                                            **PROPOSED ATTORNEYS FOR
                                            THE DEBTORS-IN-POSSESSION**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served by electronic submission through the Court's automated Case Management and Electronic Docketing System for the U. S. Bankruptcy Court for the Northern District of Texas, Fort Worth Division and/or by first class mail, postage prepaid, to those parties-in-interest entitled to be served with same and, specifically, by Federal Express, facsimile and/or electronic mail, to the following person/entities on this the 1st day of November, 2010:

**BT and MK Energy Commodities, LLC**

Attn: Mr. Tom Lionelli
350 Bedford Street
Suite 405
Stamford, Connecticut 06901

**Counsel for BT and MK Energy Commodities, LLC**

David S. Elder, Esq.
Gardere Wynne Sewell LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002

**United States Trustee**

William T. Neary
United States Trustee
Earle Cabell Federal Building
Room 976
Dallas, Texas 75242

/s/ Bruce W. Akerly
Bruce W. Akerly

EXHIBIT 1

1. *Deeds of Trust, Security Agreement, Financing Statement and Assignment of Production* signed by ReoStar Energy, Corporation and recorded as follows:

| Jurisdiction | File Date | Document No./Book & Page. |
|---|---|---|
| Cooke County, TX | 11/03/08 | Doc # 00019704/Book OPR, Vol. 1607, Pg. 409 |
| Gregg County, TX | 11/03/08 | Doc # 200823699 |
| Montague County, TX | 11/03/08 | Instrument # 089625, Vol. 462, Pg. 725 |
| Navarro County, TX | 11/03/08 | Doc # 00009947 |
| Rusk County, TX | 11/03/08 | Doc # 00074425, Vol. 2892, Pg. 475 |
| Wise County, TX | 11/03/08 | Doc # 2008-33612, Book OR, Vol. 1997, Pg. 848 |

2. *Act of Mortgage, Deed of Trust, Indenture, Security Agreement, Financing Statement and Assignment of Production* signed by ReoStar Energy, Corporation and recorded as follows:

| Jurisdiction | File Date | Document No./Book & Page. |
|---|---|---|
| Caddo Parish, LA | 11/03/08 | Doc # 2195485 |

3. UCC-1 *Financing Statements* filed as follows:

| Debtor | Jurisdiction | File Date | Document No./Book & Page. |
|---|---|---|---|
| ReoStar Energy, Corporation | Cooke County, TX | 11/03/08 | Doc # 00019705/Book OPR, Vol. 1607, Pg. 448 |
| ReoStar Energy, Corporation | Gregg County, TX | 11/03/08 | Doc # 200823700 |
| ReoStar Energy, Corporation | Montague County, TX | 11/03/08 | Doc # 089626, Vol. 462, Pg. 763 |
| ReoStar Energy, Corporation | Navarro County, TX | 11/03/08 | Doc # 00009948 |
| ReoStar Energy, Corporation | Rusk County, TX | 11/03/08 | Doc # 00074426, Vol. 2892, Pg. 506 |
| ReoStar Energy Corporation | Wise County, TX | 11/03/08 | Doc # 2008-33613, Book OR, Vol. 1998, Pg. 1 |
| ReoStar Energy, Corporation | Caddo Parish, LA | 11/03/08 | Doc. # 09-1104802 (UCC Index) and Doc. # 2195486 (Real Estate Index) |
| Benco Operating, Inc. | Texas Secretary of State | 10/30/08 | File # 08-0035434976 |
| JMT Resources, LTD. | Texas Secretary of State | 10/30/08 | File # 08-0035435008 |
| Reo Energy, LTD. | Texas Secretary of State | 10/30/08 | File # 08-0035435119 |
| Reo Star Energy, Corporation | Nevada Secretary of State | 11/03/08 | Doc # 2008033667-9 |
| ReoStar Gathering, Inc. | Texas Secretary of State | 10/30/08 | File # 08-0035435220 |
| ReoStar Leasing, Inc. | Texas Secretary of State | 10/30/08 | File # 08-0035435331 |
| ReoStar Operating Incorporated | Texas Secretary of State | 10/30/08 | File # 08-0035435553 |



EXHIBIT 1

4. *Memorandums of Assignment Agreement* signed by Union Bank in favor of BTMK and recorded as follows:

| Jurisdiction: | Volume/Page or other | File Date: |
|---|---|---|
| Cooke County, Texas | Doc. # 00013709<br>Bk. OPR, Vol. 1706, Pg. 589 | 8/24/2010 |
| Gregg County, Texas | Doc. # 201015981 | 8/24/2010 |
| Montague County, Texas | Doc. # 108193, Vol. 531, Pg. 652 | 8/25/2010 |
| Navarro County, Texas | Doc. # 00005964 | 8/25/2010 |
| Rusk County, Texas | Doc. # 00098506, Vol. 3032, Pg. 396 | 8/25/2010 |
| Wise County, Texas | Doc. # 2010-60965;<br>Bk. OR, Vol. 2176, Pg. 575 | 8/24/2010 |