Bruce W. Akerly
Texas State Bar No. 00953200
bakerly@canteyhanger.com
CANTEY HANGER LLP
1999 Bryan Street, Suite 3330
Dallas, Texas 75201
Telephone: (214) 978-4129
Facsimile: (214) 978-4150

ATTORNEYS FOR
THE DEBTORS-IN-POSSESSION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 10-47176 |
| | § | |
| REOSTAR ENERGY CORPORATION, | § | (Chapter 11) |
| ET AL., | § | |
| | § | |
| Debtors. | § | (Jointly |
| | § | |

**FIRST AMENDED**
**DEBTORS' MOTION TO APPROVE POST-PETITION**
**UNSECURED LOAN BY INSIDER, NUNC PRO TUNC**

**A HEARING MAY NOT BE CONDUCTED HEREON UNLESS A RESPONSE IS FILED WITH THE CLERK OF THE U.S. BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 12A24, DALLAS, TEXAS 75243 BEFORE THE CLOSE OF BUSINESS TWENTY (24) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED AND A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY AND THOSE PERSONS LISTED ON THE CASE SERVICE LIST.**

**IF NO HEARING ON SUCH NOTICE OR MOTION INITIATING A CONTESTED MATTER IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT**

**OR THE NOTICED ACTION MAY BE TAKEN.**

REOSTAR ENERGY CORPORATION, and its affiliated debtors; (collectively, the "Debtors"), as debtors and debtors-in-possession, file this *Debtors' Motion to Approve Post-Petition Loan by Insider, Nunc Pro Tunc,* as follows:

<u>**Background**</u>

1. These jointly consolidated cases (the **"Cases"**) were commenced on November 1, 2010 (the **"Petition Date"**), when the Debtors filed their respective voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended.

2. Debtors continue to operate their businesses and to manage their respective bankruptcy estates as debtors-in-possession. No Trustee has been appointed. An Examiner was appointed by the United States Trustee and approved by this Court on January 10, 2011. [Docket #781.

<u>**Jurisdiction**</u>

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.G. § 157(b)(2)(A) and (0). Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

<u>**Discussion/Request for Relief**</u>

4. Debtors are related entities who are engaged in generating revenue and profits from its oil and gas properties and building reserves through the acquisition of strategic leasehold interests in the Barnett Shale. Shortly after the filing of the Case, Debtor realized a significant delay in receipt of income from operations in the Barnett Shale, which delay was principally caused by a delay in payments to it by Rife Energy Operating, Inc. **("Rife Energy"),** the operating for its interests in the Barnett Shale. The delay was caused, at least in part, by a

disagreement between Rife Energy and Debtors over certain accounts owing by and between them relating to operations over a significant period of time,

5.      While Rife Energy and Debtors ultimately resolved many of their difference, they were not able to do so until at least a month or so following the filing of the Cases. Also during this time, Debtors' alleged secured creditor would only authorize limited use of cash collateral for operations. Debtors' business operations were, therefore, seriously strained, payroll could not be met and the Debtors were in crisis beyond that necessitating the filing of the Cases. As a result, Debtors were required to look to alternative sources to finance, hopefully on a temporary basis, their business operations.

6.      On November 9 *and* 10, 2010, E-Fire, Ltd ("**E-Fire**") made advances of $20,000 and $22,000 to Debtor, ReoStar Energy Corporation on an unsecured and undocumented basis (the **"Advances").** E-Fire is a company controlled by M.O. "Trey" Rife, III, who is an insider of the Debtors.'

7.      The Advances were used to pay pre-petition payables relating to the Corsicana mineral interests and payroll expenses at the beginning of the Cases and payroll. At the time of the Advances, Debtors believed that it would not get payment from Rife Energy in the near term. E-Fire made the advances to keep the Debtor ReoStar operating after the bankruptcy filing. E-Fire has not filed an administrative claim relating to the Advances.

8.      The Advances benefited Debtors in that they were able to make payroll and meet other operational expense while they worked an arrangement to received payments owing to Debtors by Rife Energy post-petition based on operations in the Barnett Shale. The Advances are listed by Debtors on their Monthly Operating Report for the period ending in November

---

[1] E-Fire, Ltd is a company controlled by Trey Rife, an insider of the Debtor. ReoStar owes E-Fire, Ltd $3.7 million in subordinated debt.

2010. On page 3 at Line 22 the loan was listed as "Advances from Insider $42,000.00" and on

page 5 under "Accrual Basis – 3" at line 6 "Loans & Advances (Attach List) $42,000.

9.      Section 364(c) of the Bankruptcy Code provides, among other things, that if a

debtor is unable to obtain unsecured credit allowable as an administrative expense under section

503(b)(1) of the Bankruptcy Code, the court may authorize the debtor to obtain credit or incur debt

(a) with priority over any and all administrative expenses as specified in section 503(b) or 507(b)

of the Bankruptcy Code, (b) secured by a lien on property of the estate that is not otherwise subject

to a lien, or (c) secured by a junior lien on property of the estate that is subject to a lien. 11 U.S.C.

§ 364(c).

10.      Section 364(d) of the Bankruptcy Code allows a debtor to obtain credit secured by a

senior or equal lien on property of the estate that is subject to a lien, provided that (i) the debtor is

unable to obtain such credit otherwise, and (ii) there is adequate protection of the interest of the

holder of the lien on the property of the estate on which such senior or equal lien is proposed to be

granted. 11 U,S.C. § 364(d).

11.      Debtors and E-Fire agree that the priority of the Advances, *nunc pro tunc,* will be for

payment of E-Fire only after the payment of all other administrative expenses. *In re City Wide

Press, Inc.,* 102 B.R. 431 (Banks. Pa. 1989)("[w]e hold that the § 364(d) *nunc pro tunc* relief

sought is confined to extraordinary circumstances where there is at least a clear agreement

between the debtor and the lender upon which both have acted."); *see In re American Cooler,* Co.,

125 F. 2d 496 (2d Cir. 1942)(three factors to satisfy in order to retroactively validate a

transaction: (1) the court must be convinced that it would have authorized the request had a

timely application been made; (2)court must be reasonably persuaded that the creditors have not

been harmed by a continuation of the business made possible by the loan; and (3) the court must

**FIRST AMENDED DEBTORS' MOTION TO APPROVE POST-
PETITION UNSECURED LOAN BY INSIDER, NUNC PRO TUNC —
Page 4**

take into consideration the good faith motivation of the parties who entered into the transaction and whether they honestly believed they had the authority to enter into the transaction without prior court approval.)

12.    At the time the disbursements were made from E-Fire, Debtors were unable to procure sufficient unsecured credit allowable under section 503(b)(1) as an administrative expense under section 364(a) or (b) or in exchange for the grant of a superpriority administrative expense claim under section 364(c)(1) without granting priming liens under sections 364(d) or (b) or to obtain post-petition financing except through an insider willing to put its own funds as noted above.

*13.*    Debtor recognizes that the procedures under Section 364 were not requested prior to the advancement of the funds. However, Debtors are not request a priming lien or a priority administrative expense allowance with regards to the advances by E-Fire. See *In re Keystone Surplus Metals, Inc.,* 2010 Banks. LEXIS 4545 (Bankr. Pa. 2010) (request for an administrative expense for insider loans denied when not established that they were in the ordinary course of business). A debtor may borrow money under section 364(d)(4) of the Bankruptcy Code if the debtor meets its burden of establishing that the holder of prior liens is adequately protected. *In re Futures Equity L.L.C.,* 2001 Bankr, LEXIS 2229 *14 (Bankr. N.D. Tex. 2001)(The transaction "should provide the prepetition secured creditor with the same level of protection it would have had if there had not been post-petition super-priority financing ... debtor must demonstrate that (i) the credit transaction is necessary to preserve the estate and (ii) the terms of the transaction are fair and reasonable given the circumstances.). Further, financing to allow for operations to avoid immediate and irreparable harm have been approved. *In re Tridinzension Energy, L.P.,* 2010 Bankr. LEXIS 4828 (Bankr. N.D. Tex. 2010); *In re Monitor Dynamics, Inc.*

2010 Bankr. 4060 (Bankr. W.D. Tex. 2010); *In re All Land Inns. LLC, 2009* Bankr. LEXIS *4705* (Banks. Del 2009).

14.    At the time of the advances there was inadequate time to secure alternative financing and the existing secured creditor was not permitting financing options, placing restrictions on use of cash collateral. Debtor had no apparent unencumbered assets to pledge for borrowings to support post-petition operations. *In re Snowshoe Co.,* 789 F.2d 1085, 1088 (credit was unavailable absent the senior lien by establishment of unsuccessful contact with other financial institutions in the geographic area); *In re 495 Central Park Ave. Coup., 136* B.R. *626, 631* (Bankr. S.D.N.Y. 1992) (numerous failed attempts to procure financing from sources).

15.    Under section 363(c)(2) of the Bankruptcy Code, a debtor may not use cash collateral unless "(a) each entity that has an interest in such cash collateral consents; or (b) the court, after notice and a hearing, authorizes such use in accordance with the provisions of this section." I1 U.S.C. § 363(c)(2). This application does not request that Debtors alleged secured creditor BTMK be primed but rather that the loan be approved for payment after all other administrative expenses. Also, this request does not violate the cash collateral orders in this case.

16.    Bankruptcy Rules 4001(b) and (c) provide that a final hearing on a motion to use cash collateral or obtain credit, respectively, may not be commenced earlier than fifteen (15) days after the service of such motion. Upon request, however, the Court is empowered to conduct a preliminary expedited hearing on the motion and authorize the use of cash collateral and the obtaining of credit to the extent necessary to avoid immediate and irreparable harm to a debtor's estate pending a final hearing.

17.     Pursuant to Bankruptcy Rules 4001(b) and (c), the Debtors request that the Court conduct a hearing to determine whether the Debtors were authorized to incur the Advances, *nunc pro tunc* to the Petition Date, and that E-Fire be paid as an administrative expense after all other administrative expenses in this case.

### Relief Requested

WHEREFORE, based upon the foregoing, the Debtors request that the Court grant the relief requested in this Motion and any other relief that is necessary and proper.

Respectfully submitted,

CANTEY HANGER LLP

By: *Is! Bruce W, Akerly* Texas
Bar No. 00953200

1999 Bryan Street, Suite 3330
Dallas, Texas 75201
Telephone: (214) 978-4129
Facsimile: (214) 978-4150

ATTORNEYS FOR DEBTORS-IN-POSSESSION

**FIRST AMENDED DEBTORS' MOTION TO APPROVE POST-PETITION UNSECURED LOAN BY INSIDER, NUNC PRO TUNC — Page 7**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served by electronic submission and/or first class mail, postage prepaid, to those persons or entities entitled to received same and, specifically, to the following person/entities on this the 5th day of March 2011:

### Counsel for BT and MK Energy Commodities, LLC

David S. Elder, Esq.
Gardere Wynne Sewell LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002

### United States Trustee

William T. Neary
United States Trustee
Meredyth A. Kippes
Trial Attorney — Office of the United States Trustee
Earle Cabell Federal Building
Room 976
Dallas, Texas 75242

/s/ *Bruce W. Akerly*
Bruce W. Akerly

**FIRST AMENDED DEBTORS' MOTION TO APPROVE POST-PETITION UNSECURED LOAN BY INSIDER, NUNC PRO TUNC – Page 8**